Varela-Lopez v. Sessions

BIA
Straus, IJ
A078 283 601

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of June, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

AYLEEN FRANCELES VARELA-LOPEZ,
> *Petitioner,*

v.                                          16-1012
                                            NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**        Jon E. Jessen, Stamford, CT.

**FOR RESPONDENT:**        Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Carl H.
                           McIntyre, Assistant Director;
                           Justin R. Markel, Senior Litigation
                           Counsel, Office of Immigration
                           Litigation, United States
                           Department of Justice, Washington,
                           DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner Ayleen Franceles Varela-Lopez, a native and citizen of Honduras, seeks review of a March 9, 2016, decision of the BIA affirming a November 3, 2014, decision of an Immigration Judge ("IJ") denying withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ayleen Franceles Varela-Lopez,* No. A078 283 601 (B.I.A. Mar. 9, 2016), *aff'g* No. A078 283 601 (Immig. Ct. Hartford Nov. 3, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions denying withholding of removal and CAT relief "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The agency did not err in finding that Varela-Lopez failed to satisfy her burden of proof for withholding of removal, but it did err in failing to adequately consider evidence material to her CAT claim.

Withholding of Removal

In order to demonstrate eligibility for withholding of removal, an applicant must establish that her "life or freedom would be threatened . . . because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). To constitute a particular social group, a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007). "[A] 'particular social group' cannot be defined exclusively by the claimed persecution, . . . it must be 'recognizable' as a discrete group by others in the society, and . . . it must have . . . definable boundaries." *Matter of M-E-V-G-*, 26 I. & N. Dec. at 232. "[I]t must not be amorphous, overbroad, diffuse, or subjective." *Id*. at 239. The agency did not err in finding that Varela-Lopez failed to demonstrate membership in a cognizable social group.

First, Varela-Lopez's proposed social group of victims of gang extortion failed because it was defined by the claimed persecution alone. *See id.* at 232. Second, Varela-Lopez did

3

not demonstrate that she was or would be targeted for extortion on account of her familial ties or gender given her testimony that her family members have only ever been targeted for extortion and recruitment purposes, and that "everybody" in her neighborhood had been extorted. *See Ucelo-Gomez*, 509 F.3d at 73 ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group'. . . ."); *see also Matter of A-M-E & J-G-U-*, 24 I. & N. Dec. 69, 74-75 (B.I.A. 2007) (holding that the group of "wealthy Guatemalans" failed the social distinction requirement because it would not be recognized as a group at a greater risk of crime, extortion, or robbery). And, despite evidence of widespread violence against women in Honduras, the evidence did not show that gangs target women for extortion on account of their gender.

Because the record evidence does not indicate that either female victims of extortion or members of Varela-Lopez's family are at greater risk of harm than other individuals in Honduras, Varela-Lopez failed to establish that she was harmed or faces harm on account of her membership in a cognizable social group as required for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A); *Ucelo-Gomez*, 509 F.3d at 73; *Matter of A-M-E*

4

*& J-G-U-*, 24 I. & N. Dec. at 74-75.  Accordingly, we deny the petition for review to this extent.

Convention Against Torture

As an initial matter, contrary to the Government's contention, we treat Varela-Lopez's challenge to the denial of CAT relief as exhausted because the BIA considered and affirmed the IJ's denial of CAT relief thereby excusing any failure to exhaust.  *See Xian Tuan Ye Dep't of Homeland Sec.*, 446 F.3d 289, 296-97 (2d Cir. 2006).  To receive withholding or deferral of removal under the CAT, an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2). Unlike withholding of removal, CAT relief does not require a nexus to any ground.  *See id.*  "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or . . . with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1); *Pierre v. Gonzales*, 502 F.3d 109, 114, 118 (2d Cir. 2007); *Khouzam v. Ashcroft*, 361 F.3d 161, 172 (2d Cir. 2004) ("[T]orture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it.").

5

The agency provided insufficient analysis to support its conclusion that Varela-Lopez failed to demonstrate a likelihood of torture or that Honduran officials would acquiesce in her torture. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) (explaining that "we require a certain minimum level of analysis from the IJ and BIA opinions . . . , and indeed must require such if judicial review is to be meaningful"). In assessing whether an applicant has satisfied her burden of proof, the agency must consider all evidence relevant to the possibility of future torture, including evidence that the applicant has suffered torture in the past, "[e]vidence that the applicant could relocate to a part of the country of removal where . . . she is not likely to be tortured, . . . evidence of gross, flagrant or mass violations of human rights within the country of removal," and other relevant information on country conditions. 8 C.F.R. § 1208.16(c)(3).

The agency failed to discuss any of the record evidence material to Varela-Lopez's CAT claim. That evidence included the following: Varela-Lopez's testimony that gang members killed her father, uncle, and brother for failing to pay extortion; the death certificates supporting that testimony; her testimony that gang members assaulted her and her two living brothers; threatening letters from gang members; country

6

reports reflecting increased murder rates of women between 2005 and 2012 (a large number of which were likely related to gangs); and reports that Honduran police are willfully blind to violence against women. Given the agency's failure to explain its CAT ruling or analyze any of this evidence, we grant the petition to this extent and remand for further consideration of the CAT claim. *See* 8 C.F.R. § 1208.16(c); *see also Poradisova*, 420 F.3d at 77.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part and REMANDED for further proceedings consistent with this order.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```

7